IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRENT JACOBY, #291 560, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-382-MHT |
| | ) | [WO] |
| WARDEN KARLA JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff, a state inmate incarcerated at the Ventress Correctional Facility, filed this 42 U.S.C. § 1983 action on June 1, 2015. On July 13, 2015, Plaintiff filed a motion for preliminary injunction seeking to enjoin Defendant from housing him in a segregation dorm in retaliation for his litigation activities. He further claims Defendants have not allowed him to purchase hygiene articles, paper, envelopes, stamps, and pens which he asserts are not furnished by the prison.[1] Plaintiff maintains that no other legal remedy exists besides issuance of an injunction. *Doc. No. 7*.

On September 8, 2015, the court entered an order requiring Defendants to show cause why Plaintiff's motion for preliminary injunction should not be granted. *Doc. No.*

---

[1] The court notes that Plaintiff has filed four civil actions with this court since May 27, 2015. A review of the docket sheet in each case reflects Plaintiff has submitted numerous pleadings with the court since his initial filing.

20.  Defendants filed a response to this order, supported by relevant evidentiary materials, in which they assert that they have taken no actions against Plaintiff in violation of his constitutional rights.  *Doc. No. 26, Exh. 1*.  Plaintiff filed a reply on October 13, 2015.  *Doc. No. 27*.

Upon review of the motion for preliminary injunction, the response filed by Defendants, and Plaintiff's reply, the court concludes that Plaintiff's motion for preliminary injunction is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court."  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  This court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites:  (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998);  *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is

necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'" *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990).

### III. DISCUSSION

Plaintiff seeks an order enjoining Defendants from denying him the ability to purchase hygiene articles and paper, pens, stamps, and envelopes and from continuing to house him on segregation which he contends is in retaliation for his litigation activities. Regarding the latter request, if Plaintiff's motion was granted, the resulting injunction would amount to a broad instruction to Defendants to obey the law. Plaintiff essentially seeks an order directing Defendants to not take adverse action against him for his filing of grievances and complaints.[2] Rule 65(d) of the Federal Rules of Civil Procedure

---

[2] The evidentiary materials submitted by Defendants in support of their response to the motion for issuance of a preliminary injunction reflect that Plaintiff was placed in a restricted privileges

requires requests for injunctions to be specific; an injunction which merely orders a defendant to obey the law is too broad and too vague to be enforceable. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999).

Regarding Plaintiff's request for preliminary injunctive relief prohibiting Defendants from not allowing him to purchase hygiene articles and pens, paper, stamps, and envelopes, the court finds Plaintiff fails to demonstrate a substantial likelihood of success on the merits of this claim. *See Chandler v. Crosby*, 379 F.3d 1278, 1298 (11th Cir. 2004) (internal quotation marks and citation omitted) (a conditions-of-confinement claim under the Eighth Amendment requires a showing of extreme deprivation-one which "poses an unreasonable risk of serious damage to [the inmate's] future health or safety."); *see also Lewis v. Casey*, 518 U.S. 343, 351-52 (1996) (holding that actual injury is required to state a claim for denial of access to the courts). Plaintiff likewise fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. Problems or issues regarding Plaintiff's housing assignment and/or the conditions under which he is housed can be accomplished through filing a complaint in the federal court in which the institution which houses Plaintiff is located. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) (internal quotation omitted) (this "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [also] weighs heavily against a claim of irreparable harm."). The third factor, balancing potential harm to the parties, weighs more

---

dorm in June 2015 after he received a citation and processed into segregation on July 9, 2015, for violating institutional rules. *Doc. No. 26, Exh. 1*.

heavily in favor of Defendants. Finally, regarding the fourth factor, Plaintiff fails to show that issuance of an injunction would serve the public interest, and the pleadings before the court are devoid of any evidence which shows that issuance of an injunction would serve the public interest.  Plaintiff has failed to meet his burden of demonstrating the existence of each prerequisite to warrant issuance of a preliminary injunction.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction (*Doc. No. 7*) be DENIED.

2.  This case be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 4, 2015**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661

F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Done this 21st day of October, 2015.

                                    /s/ Wallace Capel, Jr.
                                    WALLACE CAPEL, JR.
                                    UNITED STATES MAGISTRATE JUDGE